902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Reginald Clinton STITT, Petitioner-Appellant,
v.
Edward W. MURRAY, Director, Respondent-Appellee.
 No. 89-6879.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1990.
Decided April 19, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (C/A No. 89-451-R)
 Reginald Clinton Stitt, appellant pro se.
 Robert Quentin Harris, Assistant Attorney General, Richmond, Virginia, for appellee.
 W.D.Va.
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Virginia inmate Reginald Clinton Stitt seeks to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition, which contained seven separate claims of ineffective assistance of counsel. The district court ruled that, because Stitt had raised only two of the seven claims in his earlier state habeas appeal and Virginia law deems claims not raised on appeal to be waived, Stitt was procedurally barred from raising in federal court the five claims he failed to appeal in state court. We agree with the district court that Stitt's failure to raise these claims before Virginia's Supreme Court constitutes a procedural default which prevents him from raising the claims in this federal petition. Therefore, we affirm the district court's dismissal of those five claims on that basis.
 
 
 2
 The district court did address the merits of the two ineffective assistance claims raised by Stitt on appeal from the state circuit court's denial of habeas relief. Stitt's first claim was that his trial attorney refused to raise a self-defense issue, as Stitt had requested. The district court dismissed Stitt's first claim by applying a presumption of correctness to a state court's factual finding, made after a plenary hearing, that Stitt had denied committing the crime in question and had never confessed to his attorney that he had committed that crime.
 
 
 3
 A federal court may apply a presumption of correctness to the factual findings made at a state evidentiary hearing when there is some reliable record of the proceedings, unless the petitioner demonstrates that the hearing was inadequate because of one of the eight reasons enumerated in 28 U.S.C. Sec. 2254(d). To determine whether any of these exceptions apply, the district court should call for and examine the state record. Townsend v. Sain, 372 U.S. 293, 319 (1963). Ordinarily the state court record is indispensable to determining whether the habeas applicant received a full and fair state court evidentiary hearing resulting in reliable findings. Id. Remand is appropriate when the district court fails to obtain state records before applying the presumption of correctness. Id.
 
 
 4
 The district court was permitted to rely on the factual findings made by the state court after a hearing only if there was a reliable record of those proceedings and none of the eight statutory criteria listed in 28 U.S.C. Sec. 2254(d) applied. Because the district court failed to obtain and review the state records it needed to make such a determination, we vacate the district court's dismissal of this claim and remand for filing and consideration of these records.
 
 
 5
 The district court also dismissed Stitt's second claim. Stitt alleged that his counsel's failure to present the homosexual relationship between Stitt and his victim as a mitigating factor constituted ineffective assistance. The district court held that Stitt's claim failed to allege conduct which fell below objective standards of reasonableness and thus, failed to satisfy the first prong of the two-pronged test set forth in Strickland. We agree with the district court and hold that its dismissal of this claim was proper.
 
 
 6
 In summary, we grant a certificate of probable cause and affirm the district court's dismissal of the five claims which Stitt raised here but not in his habeas appeal to the Virginia Supreme Court. We also affirm the district court's dismissal of the homosexual relationship claim. However, we vacate the district court's dismissal of Stitt's first ineffective assistance claim and remand for further proceedings on that claim.
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.